**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARED BRUTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-01-263)

Submitted: February 22, 2006          Decided: March 8, 2006

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Smith, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jared Bruton appeals the district court's judgment entered pursuant to his guilty plea for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (2000), and possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c) (2000). Bruton's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but nonetheless challenging the court's calculation of Bruton's sentence. Bruton filed a response to the Anders brief, also challenging the enhancement but also claiming the district court committed sentencing error under United States v. Booker, 543 U.S. 220 (2005). Finding no reversible error, we affirm.

Bruton claims that the district court improperly calculated his guideline range when it added two offense levels for his role in the offense under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2005). Because Bruton failed to raise this claim below, we must review it for plain error. United States v. Hughes, 401 F.3d 546, 547 (4th Cir. 2005). To receive an adjustment as a manager or supervisor, a defendant must have managed or supervised at least one other participant, not just property. See USSG § 3B1.1, comment. (n.2); United States v. Capers, 61 F.3d 1100, 1108-09 (4th Cir. 1995).

Bruton and Darius Edwards leased a house from which they sold two to three kilograms of cocaine base a week. Bruton claims that he was merely one of equals and did not manage or supervise. However, Bruton was a supervisor because he hired Lance Pauley to help run the drug house. The district court properly enhanced and calculated Bruton's guideline sentence. As Bruton's sentence was within that guideline range, it is presumptively reasonable. <u>See</u> <u>United States v. Green</u>, __ F.3d __, 2006 WL 267217, *5 (4th Cir. Feb. 6, 2006).

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Bruton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -